**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-40413
Summary Calendar
_____


MARIA CRUZ,

Plaintiff-Appellant,

VERSUS

TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(C-95-CV-514)

_____


November 25, 1997
Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]


The plaintiff, Maria Cruz, claims that she was fired by the Texas Department of Protective and Regulatory services in violation of the Americans with Disabilities Act. Cruz's job was to drive children to foster care. She received multiple convictions for driving while intoxicated; these incidents were not job-related.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A departmental rule, however, required employees with primary responsibilities as drivers to report DWI violations to their supervisors. Cruz failed to do so and, upon discovery of her undisclosed DWI offenses, the department terminated her employment.

The district court entered summary judgment for the department, noting that it need not decide whether alcoholism is a disability covered by the Act, because Cruz was fired not for alcoholism or any other disability, but because she violated the disclosure rule. As the district court noted, the department was not even aware that Cruz had any alcohol-related problems. Instead, as the district court explained, "defendant fired plaintiff because she was arrested and convicted of DWI, failed to report her arrest or conviction, lied about her prior arrests and convictions, missed work due to a DWI arrest, and lied about the reason she missed work."

The district court correctly concluded that, in opposing summary judgment, Cruz failed to raise an issue of fact as to whether these reasons were a pretext. We affirm, essentially for the reasons set forth in the district court's comprehensive Order Granting Motion for Summary Judgment entered on March 7, 1997.

We also note that in the only appellate brief filed on Cruz's behalf in this court, her attorney manages never to mention that this case involves a professional driver who received numerous convictions for DWI. This is an apparent effort to hide these salient facts from this court. As an officer of the court, this

2

attorney has an obligation, in the course of his professional advocacy, to serve as an officer of the court by informing the court as to what this case is all about.  Cruz's lawyer failed to fulfill that responsibility here.

AFFIRMED.